```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KENYATTA W. GRIMES,

               Plaintiff,

   -against-

DANA JORDAN,

               Defendant.
------------------------------------------------------X

ECF

12 Civ. 0209 (VC)(JCF)

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

      WHEREAS plaintiff, Kenyatta Grimes, filed a Complaint, dated January 4, 2012, and an Amended Complaint, dated May 9, 2014 (collectively, the "Complaint"), alleging that defendant had violated plaintiff's rights during plaintiff's incarceration in the New York State Correctional Services system; and

      WHEREAS defendant responded to the Complaint by denying all allegations that her conduct violated plaintiff's constitutional or other rights; and

      WHEREAS the parties wish to resolve the issues alleged in the Complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

      WHEREAS none of the parties to the Action is an infant or incompetent person;

      WHEREAS the parties to the Action wish to discontinue this litigation without the need for trial and without admitting any wrongdoing on the part of defendant; and

      WHEREAS plaintiff represents and warrants that, other than this Action, she has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit other than an unperfected Notice of Intention to File a Claim, captioned Kenyatta Grimes v. The State of New York, which she served on the Office of the New York State Attorney General on or about December 23, 2011.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and counsel as follows:

1. The Action is dismissed and discontinued with prejudice.

2. Defendant shall pay the sum of $6,000.00, in full satisfaction of any and all claims for relief in this Action, including attorneys' fees, costs and disbursements. The Six Thousand Dollar ($6,000.00) check in payment of the above recited sum shall be drawn to the order of the plaintiff and shall then be promptly forwarded to the inmate at her correctional facility for deposit in her inmate facility/departmental account. It is understood and agreed by the parties that any taxes, or interest or penalties on taxes, on the payment specified in this paragraph 2 shall be the sole and complete responsibility of plaintiff and that plaintiff shall have no claim, right or cause of action against the State of New York, the New York State Department of Corrections and Community Supervision, or any of their subdivisions, units or related entities on account of such taxes, interest or penalties.

3. In consideration of the payment of the sum recited in paragraph #2 above, the plaintiff, Kenyatta Grimes, hereby releases and discharges the defendant and any and all current or former employees or agents of New York State or the New York State Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Corrections and Community Supervision, from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of this Action. Plaintiff represents that she never filed a claim with the New York State Court of Claims subsequent to having served her Notice of Intention, captioned Kenyatta Grimes

v. The State of New York, on the Office of the New York State Attorney General, on or about December 23, 2011, and agrees that she will not file any claim relating to that Notice or otherwise relating to the facts giving rise to this Action and said Notice of Intention is hereby withdrawn with prejudice.

    4. In further consideration of the payment of the sum set forth in paragraph 2, plaintiff hereby waives, releases and forever discharges defendant and any and all current or former employees of the New York State Department of Corrections and Community Supervision, in her individual and official capacities, and her heirs, executors, administrators and assigns and the State of New York and the New York State Department of Corrections and Community Supervision, from any and all claims, known or unknown, arising out of the plaintiff(s) Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007. Plaintiff agrees to defend, indemnify and hold harmless the defendant and the State of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.

    5. Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by the defendant or the New York State Department of Corrections and Community Supervision, regarding any of the allegations made by the plaintiff in her Complaint and Notice of Intention to File a Claim.

    6. Payment of the amount recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff agrees to

execute and deliver to counsel for defendant all necessary or appropriate vouchers and other documents requested with respect to such payment. The provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law," relating to crime victims, funds of convicted persons and the New York State Office of Victims Services) including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payment by defendant hereunder.

7. Plaintiff represents and warrants that she is not a Medicare recipient, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on her behalf by Medicare, and that she does not expect to be a Medicare recipient within the next thirty (30) months. Plaintiff agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the Office of the Attorney General. Plaintiff and plaintiff's attorneys acknowledge and understand that receipt of this document by the Office of the Attorney General is a condition precedent to payment of the settlement amount referenced in Paragraph 2.

8. Plaintiff agrees that neither Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees, or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payment referenced in Paragraph 2. Plaintiff shall have no claim, right, or cause of action against defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that plaintiff will defend, indemnify, and hold

harmless defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

9. In the event payment of the amount recited in paragraph 2 above is not made within one hundred and twenty (120) days after the receipt by defendant's counsel of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court in this Action, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after receipt by defendant's counsel of a copy of the fully executed So-ordered Stipulation of Settlement plus any period during which (i) the Comptroller postpones payment under §632-a of the Executive Law and subsection 12-g of §8 of the New York State Finance Law or (ii) payment by the Comptroller has been stayed by court order, except that interest shall not accrue in any event until after the documents described in paragraph 6 and 7 pertaining to plaintiff's receipt of Medicare have been received by the Office of the Attorney General.

10. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

11. This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall bind the parties hereto, or vary the terms and conditions contained herein.

Dated: New York, New York
~~June~~ ____, 2014
July 8, 2014

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Attorney for Plaintiff
1633 Broadway
New York, New York 10019

*Lucienne Pierre*

By: Lucienne Pierre, Esq.
(212) 506-3392

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for Defendants
120 Broadway
New York, New York 10271-0332

*Neil Shevlin*

By: Neil Shevlin
Assistant Attorney General
Of Counsel
Tel. No. (212) 416-8561

KENYATTA W. GRIMES

*K. Grimes 6/23/14*

Sworn to before me this
23 day of June, 2014

_____
NOTARY PUBLIC

The Clerk of the Court is respectfully directed to terminate the case.

SO ORDERED:

Dated: New York, New York
July ~~June~~ , 2014

*Valerie Caproni*
VALERIE CAPRONI, USDJ

July 9, 2014

6

Cashiem C. Burroughs
Notary Public
State of New York
Certified in the Bronx County
01BU6270573
Commission Expires 10/22/2016